**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SETH ANTHONY JOHNSON,

Defendant-Appellant.

Nos.  20-30051
21-30138
21-30157

D.C. No.
1:18-cr-00214-DCN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted April 13, 2022
Seattle, Washington

Before:  BOGGS,[**] HAWKINS, and FORREST, Circuit Judges.

We consider three appeals stemming from the conviction of defendant Seth

Anthony Johnson ("Johnson") for production of child pornography, possession of

child pornography, and production of child pornography while a registered sex

offender.  Johnson appeals the introduction of certain evidence during his trial ("trial

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

appeal"), the court's award of $15,300 in restitution to the minor victim ("restitution appeal"), and the district court's order finding Johnson in criminal contempt for willfully disobeying a court order freezing his assets ("contempt appeal"). We affirm all three appeals.

## I.     Appeal No. 20-30051 ("Trial Appeal")

There was no error in denying Johnson's motion to suppress images found on his cell phone during a warrantless search of the phone. The reasonableness of a search under the Fourth Amendment is determined by the totality of the circumstances, balancing the privacy interests of the defendant against the government's interests. *United States v. Johnson*, 875 F.3d 1265, 1273 (9th Cir. 2017). In this case, Johnson was on supervised release, and the terms of that release included very specific authorizations for searches of his computers and any other "electronic communications or data storage devices or media." His supervised release conditions also expressly included allowing "the retrieval and copying of all data from his computer or other electronic devices/media" and that such retrieval and copying could occur with or without suspicion of violations. Thus, Johnson had a significantly reduced expectation of privacy in his cell phone. *See id.* at 1275; *cf. United States v. Lara*, 815 F.3d 605, 610 (9th Cir. 2016).

The government's interest in the search, which is already considered high when it comes to monitoring the behavior of parolees, was particularly high in this

case due to the information the Probation Office had received that suggested Johnson had violated multiple provisions of his supervised release by having unapproved contact with a minor, drinking alcohol, and possessing a prohibited firearm. Thus, in balancing these interests, the court did not err by concluding the government's interests significantly outweighed those of Johnson, and the search did not violate the Fourth Amendment. *See Johnson*, 875 F.3d at 1275–76.

Nor was the involvement of Homeland Security Investigations ("HSI") in the search of the phone improper. The Probation Office may enlist the help of other law enforcement agencies in conducting searches. *See United States v. Harper*, 928 F.2d 894, 897 (9th Cir. 1991), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012). The Probation Office conducted the initial search of the phone, viewed images that it identified as possible child erotica, and then enlisted the help of HSI in retrieving, copying, and preserving the data. *See United States v. Jarrad*, 754 F.2d 1451, 1454 (9th Cir. 1985) (no violation of Fourth Amendment where search was independently initiated by parole officer and other law enforcement became involved after the parole officer's request for assistance).

Nor was there error in admitting evidence of child erotica that was found on Johnson's cell phone in 2013, which had been later excluded from a state-court prosecution due to a Fourth Amendment violation. The prior exclusion does not necessarily preclude the introduction of the same evidence in this subsequent

3

prosecution; the exclusionary rule's goal is to deter illegal searches, so if suppression "does not result in appreciable deterrence," then the evidence should not be excluded. *United States v. Lopez-Martinez,* 725 F.2d 471, 476 (9th Cir. 1983) (citation omitted). We consider the nexus between the illegal evidence gathering and the later prosecution in which the evidence might be used, the length of time that had passed, whether the entity conducting the illegal search was the same seeking to use the evidence later, and whether the offending officers had already been sanctioned and deterred in another proceeding. *Id.* All these factors favor admission in this case.

Nor was there an abuse of discretion in admitting testimony regarding Johnson's 2007 rape conviction involving a fourteen-year-old girl. Johnson's prior child-molestation conviction was admissible under Federal Rule of Criminal Procedure 414. The court also considered the balancing requirement of Rule 403 and determined that the probative value of the prior incident—which also occurred with a young girl in a bathroom—outweighed any prejudice. It considered the similarity of the acts, the proximity in time, the frequency of the prior acts, and the need for the evidence at trial, *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001), and concluded that most of these factors weighed in favor of admission. The court also heard the proposed testimony by the prior victim outside the presence of the jury to make sure it was very limited and not overly prejudicial before agreeing

the government could examine the witness in the presence of the jury. There was no abuse of discretion.

Johnson's conviction is **AFFIRMED.**

## II. Appeal No. 21-30138 ("Restitution Appeal")

The district court retained jurisdiction to award restitution even though it did not determine the amount of restitution within ninety days after sentencing. The ninety-day period in 18 U.S.C. § 3664(d)(5) is not jurisdictional and the exact amount of restitution may be determined outside that time period so long as the court has sufficiently expressed an intent to award restitution. *Dolan v. United States*, 560 U.S. 605, 611 (2010). Here, because the crime involved child pornography, the court was required to award restitution. 18 U.S.C. § 2259. The court referenced a future hearing to determine the amount of this restitution multiple times during the sentencing hearing, and the minutes of the sentencing also reflect that the defendant was required to pay restitution. This was all sufficient to notify Johnson that a specific restitution award was forthcoming.

Nor was there an abuse of discretion by awarding estimated future costs of counseling to the minor victim. These losses were of the type that one would expect a child-pornography victim to suffer, as they are both foreseeable results of and within the scope of the risk created by child pornography production, distribution, and possession. *See Paroline v. United States,* 572 U.S. 434, 449–50 (2014). The

5

court reasonably relied on expert testimony from a mental-health professional about the extent and cost of recommended future therapy for the minor victim. *See United States v. Doe*, 488 F.3d 1154, 1160–61 (9th Cir. 2007); *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999).

The award of restitution is **AFFIRMED.**

## III. Appeal No. 21-30157 ("Contempt Appeal")

The district court had jurisdiction to order Johnson not to dispose of his personal property without court permission in order to preserve his assets for restitution. Pursuant to the All Writs Act, federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a), including preventing a convicted defendant from frustrating collection of restitution debt. *See United States v. Catoggio*, 698 F.3d 64, 67–68 (2d Cir. 2012) (per curiam); *United States v. Yielding*, 657 F.3d 722, 726–27 (8th Cir. 2011). Nor did the district court plainly err by failing to recuse itself sua sponte from determining whether Johnson had violated its order. *See* Fed. R. Crim P. 42(a)(3). The statements Johnson made on recorded jail conversations were not personal attacks on the judge himself, but expressions of disregard for the order. If there is no personal attack on the judge, disqualification is not required. *United States v. Rylander*, 714 F.2d 996, 1004 (9th Cir. 1983).

The criminal contempt order is **AFFIRMED.**